United States District Court
Southern District of Texas
**ENTERED**
December 15, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff, | § | |
| | § | |
| V. | § | Cause No. 2:12-CR-595-1 |
| | § | (Cause No. 2:16-CV-20) |
| JOSHUA WALLACE, | § | |
|     Defendant. | § | |

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255, AND DENYING A CERTIFICATE OF APPEALABILITY**

Joshua Wallace (Wallace) filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 156. The United States responded, but Wallace did not file a Reply. D.E. 161. Wallace since filed a letter motion requesting that the Court consider *Mathis v. United States*, 136 S.Ct. 2243 (2016), in deciding his case. For the reasons stated herein, the Court denies Wallace's § 2255 motion and denies him a Certificate of Appealability.

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

## II. BACKGROUND

Wallace was indicted in August 2012 with co-defendant Carlos Luna on five counts of felon in possession of firearms in violation of 18 U.S.C. §§ 922(g)(1), 922(j) and 924(a)(2). He was arrested that month, made his initial appearance in federal court and was appointed counsel. D.E. 16, 28. Wallace soon after entered into a plea agreement

1

with the government to plead to Count One. D.E. 32.

The Probation Department prepared a Presentence Investigation Report (PSR) to which counsel did not object. D.E. 39, 40. The PSR calculated Wallace's base offense at 24. Two levels were added because the weapons were stolen, two more levels were added because the offense involved three weapons, and another four offense levels were added because the weapons were used or possessed in another felony offense, the burglaries in which the weapons were stolen, for an adjusted offense level of 32. D.E. 40, ¶¶ 18-25. However, the probation officer determined that Wallace qualified as an armed career criminal due to his criminal history which included five violent felonies, including four burglaries and an escape from custody. *Id*., ¶ 28. Enhancement pursuant to U.S.S.G. § 4B1.4 increased Wallace's offense level to 33. *Id*., ¶ 30. After credit for acceptance of responsibility, Wallace's total offense level was 30. *Id*.¶ 32.

Wallace had an extensive criminal record that included two 1994 Dallas burglaries committed on the same date, 1994 possession of marijuana, 1994 misdemeanor DWI, 1994 misdemeanor possession of marijuana, 1996 misdemeanor evading arrest, 1997 Navarro County burglary, 1997 Limestone County burglary, 2005 possession of heroin and drug paraphernalia, 2005 misdemeanor failure to appear, 2005 escape from custody, and 2008 misdemeanor possession of drug paraphernalia. His criminal history points totaled 19, and resulted in a criminal history category VI. *Id*., ¶¶ 32-45.  His sentencing guideline range was 180 to 210 months with a minimum sentence of 15 years pursuant to 18 U.S.C. § 924(e)(1). *Id*., §§ 55-56.

Sentencing was held on January 17, 2013. The Court accepted the government's motion at sentencing and sentenced Wallace to 160 months. D.E. 75, pp. 2-16.

Wallace appealed on the grounds that at the time of his rearraignment he was not advised that his minimum sentence would be 15 years, but was instead advised that his maximum sentence would be 10 years. The Fifth Circuit Court of Appeals vacated his conviction and remanded. *United States v. Wallace*, No. 13-40136 (5th Cir. Jan. 8, 2014) (per curiam) (designated unpublished).

Wallace again pleaded guilty. D.E. 101. An amended PSR was prepared that did not change the offense level, criminal history category calculation or sentencing guideline range. D.E. 114. Additional documents were obtained regarding Wallace's previous convictions. D.E. 117, 120. Counsel objected to the PSR and filed supplemental objections. D.E. 118, 123. The government responded. D.E. 119.

At sentencing, the Court again reviewed Wallace's prior convictions. Exhibit 1 at sentencing was a 1994 Dallas burglary of a habitation. D.E. 135, pp. 14-15; D.E. 126. There was no charging document from which the Court could determine the section of the Texas burglary statute under which Wallace was charged. Exhibit 2 was a 1994 Dallas burglary of a building for which Wallace received deferred adjudication, but was later adjudicated and sentenced to 10 years imprisonment. *Id*., pp. 15-16. The Court overruled the defense objection to its use and found that it qualified as a crime of violence. Exhibit 3 was the Navarro County burglary of a habitation. The Court overruled the defense objection and found that Exhibit 3 qualified as a crime of violence. Exhibit 4

was the 1996 Limestone County burglary that the Court found to be a crime of violence. *Id*., pp. 16-17. Exhibit 5 was a conviction for escape to which there was no objection. The Court found that escape qualified as a crime of violence. *Id*., p. 17. The Court reimposed the same sentence as previously, 160 months imprisonment. *Id*., p. 40. The Court advised Wallace of his right to appeal. *Id*., p. 41.

Wallace appealed and the Fifth Circuit Court of Appeals affirmed his conviction and sentence. *United States v. Wallace*, No. 14-40281 (5th Cir. Nov. 21, 2014) (per curiam) (designated unpublished). The Fifth Circuit held that this Court did not err by using the Navarro County and Limestone County burglaries to enhance Wallace's punishment. Wallace did not challenge the use of his escape conviction. *Id*. Wallace filed a petition for writ of certiorari that was denied. D.E. 155.

Wallace timely filed the present motion challenging the use of his prior convictions under *Johnson v. United States*, 135 S.Ct. 2551 (2015).

### III.  MOVANT'S ALLEGATIONS

Wallace claims that the offenses used as a predicate for his Armed Career Criminal enhancements, two burglaries and an escape from custody no longer qualify as violent felonies based upon *Johnson*. *Johnson* applies retroactively pursuant to *Welch v. United States*, 136 S.Ct. 1257, 1268 (2016). Wallace further claims that *Mathis* precludes the use of his burglary convictions as predicate convictions for § 924(e). D.E. 162.

## IV. ANALYSIS

*Johnson* held that the residual clause of the definition of violent felony in 18 U.S.C. §924(e)(1)(ii) was unconstitutionally vague. The Act defines "violent felony" as follows:

> any crime punishable by imprisonment for a term exceeding one year ... that—
>
>> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.
>
> § 924(e)(2)(B). The closing words of this definition, italicized above, have come to be known as the Act's residual clause.

*Johnson*, 135 S.Ct. at 2555-56 (emphasis added in *Johnson*). Two of Wallace's predicate crimes are burglaries which are among the enumerated violent felonies. The residual clause is not implicated.

However, Wallace's escape conviction was considered to be a violent felony at the time of his resentencing, but only pursuant to the now unconstitutionally vague residual clause. *See Sykes v. United States*, 564 U.S. 1, 8-9, 16 (2011); *United States v. Hughes*, 602 F.3d 669, 676-77 (5th Cir. 2010) (escape is a violent felony that involves conduct that presents a serious potential risk of physical harm to another). As a result, *Johnson* overruled *Sykes* and *Hughes*. *Johnson*, 135 S.Ct. at 2563 (explicitly overruling *Sykes*). Wallace no longer qualifies for enhancement unless one of his other felonies qualifies as either an enumerated offense or under the use of force analysis.

The government argued that Wallace's 1994 Dallas burglary, Exhibit 2, qualifies as a violent felony because using the modified categorical approach this Court can determine that it was charged pursuant to § 30.02(a)(1) of the Texas Penal Code. Exhibit 2 was the second Dallas County Burglary, Cause No. 94-30610 and included an illegible criminal Information. The government filed a legible copy of the Information, D.E. 161-1, dated August 12, 1994, which states, "that Wallace unlawfully, knowingly and intentionally did enter a building not then and there open to the public, without the effective consent of Franklin D. Barganier, the owner thereof, with intent to commit theft." The Plea Agreement states that Wallace pleaded guilty to the Information.[1] D.E. 2.

The language of the Information confirms that Wallace was charged pursuant to § 30.02(a)(1), which is recognized as generic burglary. *United States v. Constante*, 544 F.3d 584, 585 (5th Cir. 2008) (per curiam). Like the Limestone and Navarro County burglaries, the Dallas County burglary referenced in Exhibit 2 is a proper enumerated predicate offense and Wallace qualifies as an Armed Career Criminal pursuant to § 924(e)(1)(ii).

---

[1]The Deferred Adjudication Order recited,
> Defendant, in person and in writing in open court having waived his right of trial by jury and where shown above that the charging instrument was by Information instead of Indictment, the defendant did, with the consent and approval of his attorney, of the attorney for the State, and the Court, waive his right to prosecution by Indictment and agree to be tried on the affidavit and Information . . .Defendant was admonished by the Court of the consequences of entering said plea, and it plainly appearing to the Court that Defendant is mentally competent and said plea is free and voluntary the said plea   was accepted by the Court . . . .

Ex. 2, pp. 7-8.

In *Mathis*, 136 S.Ct. 2243 (2016), the Court defined generic burglary, "Congress meant a crime 'contain[ing] the following elements: an unlawful or unprivileged entry into ... a building or other structure, with intent to commit a crime.'" *Id.*, at 2248. A crime counts as burglary "if its elements are the same as, or narrower than, those of the generic offense. But if the crime of conviction covers any more conduct than the generic offense, then it is not an ACCA 'burglary'—even if the defendant's actual conduct . . . fits within the generic offense's boundaries." *Id*. This Court considered the Information that alleged Wallace entered into a building without the consent of the owner and with intent to commit theft, a generic burglary, and his judicial confession to the conduct. This conduct pursuant to Texas Penal Code § 30.01(a)(1) is a generic burglary.

*Mathis* addressed the distinction between methods and means and elements in construing an Iowa burglary conviction. The Court held that the Iowa statute encompassed "a greater swath of conduct" than generic burglary and therefore did not qualify as a predicate enumerated burglary offense. *Id.* at 2251, 2257. *Mathis* does not say that all burglaries do not qualify as predicate offenses only that burglaries under the Iowa statute at issue do not.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Wallace has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it

enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Wallace is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

## VI.   CONCLUSION

Wallace's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 156, Cause No. 2:16-CV-20) is DENIED and he is DENIED a Certificate of Appealability.

ORDERED this 15th day of December, 2016.

*[signature: Hayden Head]*
HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE